By the Court.—Sedgwick, Ch. J.
The complaint alleged that the defendants, “with intent to deceive and defraud the plaintiffs by inducing them to furnish defendant’s firm with the sum of $424.10, represented to plaintiffs that the firm of Charles Fox Sons & Co., had paid the sum of $424.10 to the United States government, in pay *39 ment of certain duties, &c. ; that defendants were entitled to receive back said sum from the United States, less one per centum of the amount thereof ; that the defendants had made a proper claim for the refund of said sum, but that the whole amount thereof was still due them and unpaid,-and that if plaintiffs would reimburse defendants the aforesaid amount of duties expended by them, they, defendants, would return and pay to plaintiffs the amount which would be refunded to defendants, whenever the same should be paid back to them that relying upon the truth of such representations, the plaintiffs paid the money as requested ; “that at the time, the defendants, <&c., knew such representations to be false, and knew that no sum whatever was then due or owing to defendants from the United States government, on any claim made by defendants for refund of duties paid on the entry aforesaid, and knew that the amount of refund on the claim made by defendants had been paid to defendants by the United States prior to the time of said representations.
On the trial, the case turned upon an issue, made by an allegation of the answer, that at the time of the representation, the defendants had not received from the United States the amount of the drawback or any part of it.
The plaintiffs proved by a clerk of the customs, that the defendants received a check for the drawback on July 14, which was the day on which the representations were made, but he could not tell on what hour of the day . the defendants received the check. The check was paid in the sub-treasury. He said he thought the sub-treasury closed at three o’clock in the afternoon. A witness for plaintiffs, who delivered the money to defendants upon their representation, testified that he had no positive remembrance of the time in the day that the affair happened, but he believed it was about the middle of the day. After leaving the stand, he was again called as a witness, and produced the check-book of plaintiffs and testified that from that book it appeared that the check drawn *40 to defendants was the last one in the book of that day, that the office “ closes at six o’clock, we do not stop drawing checks until we close ; we do a general banking business that he had no definite remembrance of the time, except what he then had from examining the check-book, and that then he could not tell at what hour that check was drawn.
The judge below was right in dismissing the complaint, on the ground that the plaintiffs had not proved that the defendants had received from the United States the amount of the drawback, at the time of the representation. It was not proved that the drawback had been paid before the' middle of the day, when the witness for plaintiffs thought the matter occurred. There were no circumstances in the case which would have justified a jury in inferring that the check was in fact drawn near six o’clock on a particular day, because the firm generally kept drawing checks to.the close of business, and'kept the office open until 6 o’clock. This matter was safely tested by the witness saying that, after all, he could not tell at what hour the check was drawn. The motion to conform the pleadings to the proof could not have been granted, for it was substantially a motion that the complaint be so amended that it would appear that there was no cause of action. It did not incontrovertibly appear that at the time of the representations, the defendants intended not to repay the plaintiffs.
Judgment affirmed, with costs.
O’Gorman and Ingraham, JJ., concurred.